UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>BOSS/MASC,<br><br>    Defendants. | Case No. C 07-4524 JL<br><br>ORDER DENYING WITHOUT PREJUDICE APPLICATION TO FILE IN FORMA PAUPERIS AND DISMISSING ACTION WITH LEAVE TO AMEND |

**Introduction**

This Court has original jurisdiction over this case pursuant to the Social Security Act, 42 USC § § 401-33 *et seq.* Plaintiff consented to the jurisdiction of this Court as provided by 28 U.S.C. §636(c) and Civil Local Rule 73.

**Plaintiff's Application**

Plaintiff applies to file his complaint *in forma pauperis*, without payment of the $350 filing fee, pursuant to 28 U.S.C. § 1915 (a)(1).

**The Complaint**

Plaintiff claims that at a time when he was moving back and forth between Berkeley, California and Seattle, Washington in the fall of 2000, his benefit check did not catch up with him. His payee ostensibly returned the check to the Social Security Administration Office in Berkeley (Declaration of Anthony Alcutt of July 2005 and

1  Plaintiff's complaint filed August 31, 2007 and Request for Reconsideration filed July
2  2005.) The Social Security Administration apparently denies that any money was
3  returned (Plaintiff's Declaration). Plaintiff filed a document with his complaint that shows
4  a Social Security Claim Number of 188-520413, but no record of any disposition by the
5  Social Security Administration. Plaintiff asserts a claim against his payee, BOSS/MASC
6  Payee Service of Berkeley, California, and against the Commissioner of Social Security
7  for his Social Security benefits in the amount of $880.00.

**Analysis**

9  28 U.S.C. § 1915(a)(1) authorizes waiver of the fling fee of $350 under certain
10 circumstances. Plaintiff appears to satisfy the indigence requirement of 28 U.S.C. §1915
11 (a)(1), having a monthly income of $940 and expenses that exceed that amount.
12 However, §1915(e)(2) requires that a claim be dismissed if it fails to state a claim for
13 which relief may be granted or seeks monetary relief against a defendant who is
14 immune from such relief.

15 Plaintiff asserts a claim against the United States, in the form of the Social
16 Security Administration. Under the doctrine of sovereign immunity, the United States
17 may not be sued without its consent. Before filing suit in this Court Plaintiff needed to
18 file a timely claim with the Social Security Administration.

19 The Court infers from the Request for Reconsideration that Plaintiff sought relief
20 from the Social Security Administration as recently as 2005. There is no indication that
21 he sought relief since then. The usual time limit for filing a suit in district court following
22 an unfavorable decision from the Social Security Administration is sixty days, as
23 required by 42 U.S.C. §405(g). If Plaintiff did not receive a right to sue letter or other
24 advice of unfavorable disposition from the Social Security Administration within the sixty
25 days prior to August 31, 2007, when he first filed this lawsuit, the Court must dismiss his
26 case with prejudice for failure to file on time.

27 His claim against BOSS/MASC and Mr. Alcutt is presumably a supplemental
28 state law claim for breach of contract or negligence arising from the same transaction or

1 series of transactions, over which this Court would have no jurisdiction without the claim
2 against the Social Security Administration on which it depends, unless there is some
3 basis in federal statute for a suit against his payee.

### Order

Plaintiff's application to file *in forma pauperis* is denied without prejudice and his case is dismissed with leave to amend. Plaintiff should amend his complaint to show whether he has exhausted his administrative remedies by filing a timely claim with the Social Security Administration, and received an unfavorable disposition sixty days or less prior to the filing of his complaint, or that there is some other legitimate reason his case should remain in this Court. Plaintiff shall file his amended complaint within thirty days of the date of this order. If Plaintiff fails to file his amended complaint within that time, his case will be dismissed with prejudice.

IT IS SO ORDERED.

DATED: October 22, 2007

                        James Larson
                      Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-4524\DENY-IFP, DWLA.wpd