1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          NORTHERN DISTRICT OF CALIFORNIA
10
11   MICHAEL C. DAVIS,                    )        Case No. C 07-4524 JL
12              Plaintiff,                 )        ORDER DENYING MOTION FOR
                                          )        RECONSIDERATION (Docket # 11)
13        v.                              )
                                          )
14   BOSS/MASC,                           )
                                          )
15              Defendants.               )
                                          )
16   _____ )

17        This Court previously ordered Plaintiff to amend his complaint within thirty days

18   of October 22, 2007 "to show whether he has exhausted his administrative remedies by

19   filing a timely claim with the Social Security Administration, and received an unfavorable

20   disposition sixty days or less prior to the filing of his complaint, or that there is some

21   other legitimate reason his case should remain in this Court."  Unfortunately, Plaintiff

22   failed to amend his complaint in a timely manner, and filed nothing in response to the

23   Court's order. The Court was forced to deny without prejudice his motion for

24   appointment of counsel at Docket # 6. The Court, however, did grant the application to

25   proceed *in forma pauperis*. Plaintiff served Defendant Social Security Administration on

26   January 18, 2008 and defense counsel entered an appearance.

27        Plaintiff filed a motion for reconsideration of the Court's decision on his motion for

28   appointment of counsel, on the basis of special circumstances. Plaintiff did not request

leave of court before filing the motion for reconsideration. In view of his unrepresented

status, the court overlooks the procedural lapse and proceeds to analyze the merits of

his motion.

Civil Local Rule 7-9 provides these requirements for filing a motion for leave to

file a motion for reconsideration:

> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> (c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

In this case, Plaintiff in fact violates section 7-9 (c) when he repeats his earlier

arguments, that he did not receive his Social Security benefits from his payee, who

claimed to have returned the money to the Social Security Administration after Plaintiff

temporarily moved from the area, and that the Social Security Administration denied

receiving the money from his payee, leaving him without the benefits for that time

period. He also contends once again that he exhausted all available administrative

remedies, within showing specifically how he claims to have done so.

These are mere repetitions of his previous arguments, without the specific

showing ordered by the Court and are not sufficient to provide a foundation for the Court

to conclude that he has any merit to his case, sufficient to justify obtaining pro bono

1    counsel.

2        Accordingly, the Court has no choice but to deny the motion.

3        IT IS SO ORDERED.

4        DATED: January 28, 2008

5

6                                    _____

7                                         James Larson
                                     Chief Magistrate Judge
8

9
     G:\JLALL\CHAMBERS\CASES\CIVIL\07-4524\order-deny-11.wpd
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28