JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN SWANSON (CSBN 88143)
Assistant United States Attorney
Chief, Civil Division

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone:  (415) 436-6855
    Facsimile:   (415) 436-6927

Attorneys for the Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSS/MASC, COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendants. | C 07-4524 JL<br><br>**DEFENDANT'S NOTICE AND MOTION TO DISMISS AND SUPPORTING MEMORANDUM**<br><br>Date: Wednesday, April 30, 2008<br>Time: 9:30 a.m.<br>Courtroom: F, 15th Floor |

### I.  NOTICE AND MOTION

    Defendant Commissioner of Social Security (Commissioner) moves for an Order dismissing this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  This motion will be heard at 9:30 a.m. on Wednesday, April 30, 2008 before the Honorable James Larson, United States District Magistrate Judge, in Courtroom F on the 15th Floor of the U.S. Courthouse located at 450 Golden Gate Avenue, San Francisco, California.

    This motion is based on this motion and memorandum of points and authorities; the declarations of Dennis Ford and Michael Hanson; the arguments of the parties; and such other matters as may be presented to or considered by the Court.

//

Fed. Def. Mtn to Dismiss
C 07-4524 JL

## II. RELIEF REQUESTED

The Commissioner asks the Court to dismiss this action with prejudice for lack of subject matter jurisdiction. Specifically, there is no initial determination or final agency action that is subject to judicial review.

## III. PROCEDURAL POSTURE

On August 31, 2007, plaintiff filed his complaint alleging that defendant BOSS/MASC told him it had returned $880.00 to SSA in December 2000 and that SSA told him no funds were returned. He alleges that he is entitled to reimbursement under the law.

On October 22, 2007, the Court denied plaintiff's application to file in forma pauperis. It also dismissed the action with leave to amend in order to allow plaintiff to show that he had exhausted his administrative remedies under the Social Security Act, 42 U.S.C. §§ 401-03. It On January 8, 2008, the Court denied plaintiff's motion for appointment of counsel but allowed him to proceed in forma pauperis. In its January 8, 2008 order the Court noted, "[p]erhaps defense counsel will be able to inform the Court regarding the administrative process up to this point."

On February 27, 2008, defendant Building Opportunities for Self-Sufficiency (BOSS), wrote the Court indicating that it would prefer to attempt to investigate and resolve the dispute informally.

## IV. STATEMENT OF FACTS

**A.    Plaintiff's SSI Payment History**

On November 16, 1999, plaintiff filed an application for supplemental security income (SSI) under Title XVI of the Social Security Act. Declaration of Dennis Ford (Ford Decl.), ¶ 3(a). On May 1, 2000, the Social Security Administration (SSA) found plaintiff qualified for SSI, with benefits effective December 1999. Declaration of Michael Hanson (Hanson Decl.), ¶ 2.

On May 2, 2000, SSA certified plaintiff's SSI benefit payments to BOSS, as plaintiff's representative payee. Hanson Decl., ¶ 4. Thereafter, plaintiff's SSI payments were made by SSA to BOSS to use on plaintiff's behalf and for his benefit. *Id.*, ¶ 5). Plaintiff's eligibility for SSI was

suspended effective November 2000, due to his incarceration.[1]  On December 8, 2000, a check in the amount of $765.00 was returned to SSA.  *Id*., ¶ 8.  This returned check had been intended as payment of plaintiff's October 2000 SSI benefits.  *Id*. ¶ 9.  Plaintiff was not entitled to the full benefit amount of $765.00 for the month of October 2000, however, because he had moved to the state of Washington, where there is a lower state supplementation rate.  *Id*., ¶ 11.  The correct SSI benefit amount for October 2000 was $540.00.  *Id*., ¶ 10.

Plaintiff filed another application for SSI on March 28, 2004, which was approved.  Hanson Decl., ¶¶ 13, 14.  Plaintiff's retroactive checks for the months of April through June 2004 were forwarded to the Washington Department of Social and Health Services as repayment for general assistance plaintiff received while his SSI application was pending.  *Id*., ¶ 15.

Because an underpayment in the amount of $540.00 for October 2000 was on plaintiff's record, SSA issued this payment to plaintiff on June 24, 2004.  Hanson Decl., ¶ 16.  The United States Treasury Department's database shows that this SSI benefit payment check in the amount of $540.00 for October 2000 was cashed.  *Id.*, ¶ 17.

**B.     Plaintiff's Request for $880**

On July 25, 2005, plaintiff filed a Request for Reconsideration, claiming that SSA had not returned $880.00 that BOSS/MASC has returned to SSA when he had left for Seattle, Washington, in the fall of 2000.  Hanson Decl. ¶ 20, Exh. 1.  There is no indication in SSA's records that a Initial Determination or other written notice had been issued to plaintiff regarding this matter.  Hanson Decl., ¶ 20.

On July 28, 2005, a Notice of Reconsideration was issued, informing plaintiff that he had not filed his request for reconsideration within 65 days from the date of a December 2000 decision plaintiff had asked to be reconsidered.  Ford Decl., ¶3(c) , Exh. 1.  Thus, his request was dismissed as untimely.  *Id*., ¶3(c), Exh. 1.  Plaintiff requested a hearing and, on September 27, 2006, an Administrative Law Judge (ALJ) issued an order dismissing plaintiff's request because his request for reconsideration had

---

[1] An individual who is a resident of a public institution is not eligible for SSI benefits.  20 C.F.R. § 416.211(a).

Fed. Def. Mtn to Dismiss
C 07-4524 JL                                                     3

been untimely. *Id.*, ¶ 3(d), Exh. 2. The ALJ notified plaintiff that, within 60 days from the date he received the notice, he could ask the Appeals Council to review the order of dismissal. *Id.*, ¶ 3(d), Exh. 2. Plaintiff did not appeal the ALJ's dismissal. *Id.*, ¶ 3(e)).

## V. THIS CASE SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

### A. The Legal Standard

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See, e.g., Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. *Id.* at 1039 n.2. *See also Tosco Corp. v. Community for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) ("When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion.")

The United States and its agencies are immune from suit except to the extent that it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). If the United States waives its sovereign immunity, such waiver will be strictly construed in favor of immunity. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The sole jurisdictional basis for review of administrative actions concerning claims for benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq. and 1381 et seq., is set forth in 42 U.S.C. § 405(g) (applicable to SSI claims pursuant to 42 U.S.C. § 1383(c)(e)). That section provides for the judicial review only of a "final decision" of the Commissioner made after a hearing to which the plaintiff was a party. Only such final decisions of the Commissioner are subject to judicial review. *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988); *Cassim v. Bowen*, 824 F.2d 791, 794 (9th Cir. 1987); 42 U.S.C. § 405(g).[2] Further, a plaintiff must exhaust his administrative remedies before seeking

---

[2] The process itself begins an "initial determination", which is SSA's formal, written disposition of any legal or factual issue affecting an individual's right to benefit payments or other substantive right provided by the Act. An initial determination is SSA's formal, written disposition of any legal or factual issue affecting an individual's right to benefit payments or other rights provided by the Act. Policy Operations Manual System (POMS) GN 03101.040. *See also* 20 C.F.R. 416.1404 (SSA shall mail a

judicial review of the Commissioner's final decision. *See McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992) (parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts)." Absent exhaustion of his administrative remedies there is no "final decision of the Commissioner made after a hearing." 42 U.S.C. § 405(g). All other avenues of review are foreclosed by 42 U.S.C. § 405(h).[3]

**B.    There Is No SSA Decision that Is Subject to Judicial Review.**

As discussed above, there is only judicial review for SSA decisions that are formal, written dispositions regarding a petitioner's right to benefit payments under the Social Security Act. In this action, plaintiff is not challenging any such decision. Indeed, plaintiff was granted benefits in November 1999 and again in 2004. His benefits were only suspended due to his incarceration. Rather, plaintiff's lawsuit focuses on a separate administrative issue – namely, whether in December 2000 defendant BOSS returned $880 to SSA, whether SSA had a record of $880 being returned and, presumably, whether plaintiff should have received that amount. Although this event allegedly occurred in December 2000, plaintiff did not file his "request for reconsideration" of that decision until July 2005.

Plaintiff's claims must fail for several reasons. First, there was no initial determination or final agency decision in December 2000 regarding his claim for benefits under the Social Security Act. Indeed, as described above, plaintiff had been awarded benefits. Only final decisions of the

---

written notice of the determination). Only those initial determinations made by SSA are subject to administrative and judicial review. 20 C.F.R. § 416.1402. A decision that is not an initial determination may be reviewed by SSA, but is not subject to the administrative review process or judicial review. 20 C.F.R. § 416.1403.

[3] For example, discretionary decisions are not final decisions and are not reviewable by the courts. *See Krumpleman v. Heckler*, 767 F.2d 586, 587-88 (9th Cir. 1985) (Commissioner's discretionary decisions are not subject to judicial review), *cert. denied*, 475 U.S. 1025 (1986). Examples of such decisions are the Commissioner's application of res judicata to bar reconsideration of an issue where the Commissioner has already made a determination, a denial of a request to reopen a prior final decision, and a dismissal of a request for hearing. *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (denial of claimant's request to reopen prior final decision); Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995) (application of res judicata and refusal to reopen); *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992) (dismissal of request for hearing). Denial of judicial review in these instances reflects a policy choice made by Congress that was designed prevent repetitive or belated litigation of stale claims. *Sanders*, 430 U.S. at 108.

Commissioner regarding benefits or other substantive rights are subject to judicial review. 42 U.S.C. § 405(g).

Second, even assuming for purposes of this motion only that some information had been provided to plaintiff in December 2000 and that that information could be construed as an initial determination, plaintiff did not timely appeal or exhaust his administrative remedies regarding of that determination.[4] Plaintiff had 65 days to challenge the alleged December 2000 decision. 20 C.F.R. §§ 1401, 1409. Instead, he waited until July 2005, over four years later, to seek such reconsideration. Even assuming he had a right to administrative review, which he did not, plaintiff failed to timely exhaust those administrative remedies or show good cause why he could not have timely exhausted. For that reason, his "reconsideration request" was properly denied as untimely.[5] As set forth in its September 26, 2006 Order of Dismissal, the Office of Disability Adjudication and Review had no jurisdiction and dismissed his claim. At best, whatever information might have been communicated to plaintiff in December 2000 would have reflected a discretionary decision and would not be subject to judicial review. *Krumpleman*, 767 F.2d at 587-88. Finally, the ALJ informed Plaintiff that he could ask the Appeals Council to review and vacate his dismissal. Ford Decl., Exh, 2). *See* 20 C.F.R. § 416.1460 (Appeals Council may vacate ALJ's dismissal order if, within 60 days, claimant requests that the dismissal order be vacated and show good cause why the hearing request should not have been dismissed). Again, plaintiff did not follow this direction. Therefore, even if the ALJ's discretionary decision were reviewable by the Court, plaintiff did not exhaust his administrative remedies and the Court lacks jurisdiction over his current claim.

---

[4]Although SSA subsequently reviewed this denial, such review did not grant plaintiff any right to administrative or judicial review. 20 C.F.R. § 416.1403 (administrative actions that are not initial determinations may be reviewed by SSA but are not subject the administrative review process or judicial review).

[5] *See* 20 C.F.R. § 416.1405 (an initial determination is binding unless a reconsideration is requested in the stated time period); 20 C.F.R. § 416.1409 (request for reconsideration will be considered if a written request is filed within 60 days of receipt of the initial determination); POMS GN 03101.060 ( request for reconsideration is timely if filed within 65 days (60 days plus 5 days for receipt) of the date of the initial determination).

Fed. Def. Mtn to Dismiss
C 07-4524 JL                                    6

Third, plaintiff's claim must fail because there is no case or controversy for the Court to decide. *See Liner v. Jafco, Inc.*, 375 U.S. 301, 307 n.3 (the federal courts' lack of authority "to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy"); *see Rosetti v. Shalala*, 12 F.3d 1216 (3rd Cir. 1993) (court action by claimants rendered moot when claimants were granted Social Security benefits).

SSA's records show that Plaintiff's October 2000 check was returned on December 8, 2000. This created an underpayment of $540.00, which SSA paid to Plaintiff in July 2004, after he reapplied for SSI. Hanson Decl., ¶ 16). Plaintiff's allegation that the amount returned by BOSS and due him for 2000 was $880.00 is incorrect. *Id.*, ¶¶ 6, 8, 10, 11. Social Security has paid plaintiff all SSI benefit payments that were due him for the year 2000. Therefore, plaintiff's claim is moot and the Court has no jurisdiction to consider this matter.

## VI. CONCLUSION

The Court lacks subject matter jurisdiction over plaintiff's claim. This action should be dismissed with prejudice.

                              Respectfully submitted,

                              JOSEPH P. RUSSONIELLO
                              United States Attorney

Dated: March 17, 2008          By:     /s/
                                      JOANN M. SWANSON
                                      Assistant U.S. Attorney

OF COUNSEL:

LUCILLE GONZALEZ MEIS
Regional Chief Counsel, Region IX

JACQUELINE A. FORSLUND
Assistant Regional Counsel

United States Social Security Administration

Fed. Def. Mtn to Dismiss
C 07-4524 JL                           7

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**DEFENDANT'S NOTICE AND MOTION TO DISMISS AND SUPPORTING MEMORANDUM**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

| X | FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice. |
|---|---|
| ___ | CERTIFIED MAIL (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice. |
| ___ | PERSONAL SERVICE (BY MESSENGER) |
| ___ | FEDERAL EXPRESS via Priority Overnight |
| ___ | EMAIL |
| ___ | FACSIMILE (FAX) |

to the party(ies) addressed as follows:

| Michael C. Davis, Pro Se<br>2362 Bancroft Way<br>Berkeley, CA 94704 | Robert Barrer, Esq.<br>BOSS/MASC<br>2065 Kittredge Street, Ste. E<br>Berkeley, Ca 94704<br>PH: 510.64931930 FX: 510.649.0627 |
|---|---|

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this March 17, 2008 at San Francisco, California.

                                 /s/
                                LILY HO-VUONG
                                Legal Assistant